Filed 10/30/14  Garach v. CUSA PCSTC CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANILA J. GARACH,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>CUSA PCSTC, LLC, et al.,<br><br>    Defendants and Respondents. | G048857<br><br>(Super. Ct. No. 30-2013-00624755)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Derek W. Hunt, Judge.  Affirmed.

Anila J. Garach, in pro. per.; Law Offices of Sunil Shah and Sunil Shah for Plaintiff and Appellant.

Wheatley Bingham & Baker and Mark H. Baker for Defendants and Respondents.

\*            \*            \*

Anila Garach appeals from the trial court's order dismissing as a prohibited strategic lawsuit against public participation (SLAPP) her complaint against her husband's former employer and its attorneys (collectively, Coach USA). (See Code Civ. Proc. § 425.16 [authorizing strike motions to gain early dismissal of a SLAPP lawsuit or cause of action]; all further statutory references are to this code.) Garach alleged in the complaint causes of action for malicious prosecution, abuse of process, negligence, and intentional infliction of emotional distress (IIED). As we explained in a prior appeal (*CUSA PCTSTC, Inc. Garach* (June 29, 2011, G043704) [nonpub. opn.] (*Garach I*), Garach's husband (J. Garach) stole almost $40,000 from his employer when he deposited and refused to return a miscalculated payroll check that credited him with working more than 8,000 hours in a single day as a bus driver. The trial court found on conflicting evidence that Garach played a role in misappropriating a portion of the paycheck. We explained, however, that because the court limited her liability to around $3,000 while also concluding her husband legitimately earned at least that much of the disputed check, the judgment against Garach had to be reversed.

Not content with her victory, Garach unwisely filed the underlying malicious prosecution action, which the trial court dismissed as a SLAPP suit on Coach USA's motion, and Garach now pursues this wholly unmeritorious appeal. Had Coach USA sought sanctions for a frivolous appeal, we likely would have granted the motion. Simply put, Garach makes no effort to establish the record in the employer's misappropriation lawsuit was devoid of evidence against her. Instead, she asserts the evidence against her *must* have been insufficient merely because Coach USA offered midtrial in the previous lawsuit to dismiss her as a defendant in exchange for a waiver of costs. Based on this unfounded premise, she asserts that when she refused to waive costs,

2

Coach USA's failure to dismiss her as a defendant made it likely she would prevail on her subsequent claim of malicious prosecution and other causes of action. Not so. The trial court correctly determined Garach's retaliatory suit violates the Legislature's anti-SLAPP safeguards (§ 425.16), and we therefore affirm the trial court's dismissal of her complaint.

I

FACTUAL AND PROCEDURAL BACKGROUND

We note again, as in the previous appeal she joined in with her husband, that Garach "ha[s] utterly failed" in her "duty to fairly summarize all of the facts in the light most favorable to the judgment. [Citation.]" (*Garach I*, *supra*, at p. 3.) Stripped of Garach's self-serving gloss and confusing presentation, the relevant facts are not complicated. We need not add to the dispositive facts summarized in our introduction, except to note that when Garach filed her opposition to Coach USA's anti-SLAPP motion to strike her complaint, she claimed that in the misappropriation trial, Coach USA's attorney "in open court admitted that there is no evidence against [then-defendant] Anila Garach" and that he "withdrew" Coach USA's claims against her. Garach suggested "[t]his motion" to withdraw Coach USA's claims "was granted by [the trial] court" in the previous trial, but while she purported to provide record citations, she did not include those transcript pages in her opposition.

Garach has now augmented the record on appeal with those pages, but they show only that when Garach's attorney insisted that "Mrs. Garach can be the prevailing party entitled to cost[s] and attorney fees," Coach USA's attorney responded, "Then I would not be able to stipulate to dismissing her under those grounds." Accordingly, no stipulation for dismissal was reached.

3

II

DISCUSSION

A SLAPP suit is a meritless lawsuit that aims to punish a defendant for exercising the constitutional right to free speech or to petition in court for the redress of grievances. The SLAPP plaintiff seeks to "'deplete "the defendant's energy" and drain "his or her resources"'" by forcing a litigant to defend a meritless lawsuit. (*Hecimovich v. Encinal School Parent Teacher Organization* (2012) 203 Cal.App.4th 450, 463 (*Hecimovich*).) The anti-SLAPP statute (§ 425.16 ) therefore establishes a "'summary-judgment-like procedure'" that enables a trial court to evaluate a lawsuit's merits at an early stage and end a SLAPP suit without great cost to the defendant. (*Hecimovich*, *supra*, at p. 463; *Tamkin v. CBS Broadcasting, Inc.* (2011) 193 Cal.App.4th 133, 142.)

Specifically, section 425.16 provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

The statute requires a court to engage in a two-step process: "'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected [petitioning or speech] activity . . . . If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citations.]" (*Wong v. Jing* (2010) 189 Cal.App.4th 1354, 1360.) "Only when a defendant shows that a cause of

4

action is based on protected conduct and the plaintiff fails to show a likelihood of success on that claim is it subject to dismissal." (*Ibid*.)

On appeal, "[w]e independently determine whether a cause of action is based upon activity protected under the statute, and if so, whether the plaintiff has established a reasonable probability of prevailing." (*Lieberman v. KCOP Television, Inc.* (2003) 110 Cal.App.4th 156, 163-164.)

Here, there is no question Garach's lawsuit is based on Coach USA's protected activity of filing the underlying lawsuit to petition for judicial redress based on the Garaches' alleged theft. Indeed, "every malicious prosecution action" falls under the first prong of section 425.16 because "every such action arises from an underlying lawsuit, or petition to the judicial branch." (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734-735.) The same is true for abuse of process claims (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1058, 1062) and for negligence and IIED claims based on prior litigation (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 211-216). Accordingly, the only issue on appeal is whether Garach established below in her opposition to Coach USA's strike motion the requisite probability of prevailing on the merits of her lawsuit.

She utterly failed that burden because she included no pertinent evidence in her opposition. She merely alluded to midtrial discussions in the Coach USA litigation about possibly dismissing her from that lawsuit, but she did not include the transcript of those discussions in her opposition. Consequently, no evidence supported her opposition, and the trial court was required to dismiss her action because she failed to demonstrate the requisite probability of prevailing on her claims. Simply put, she premised her malicious prosecution, abuse of process, attorney negligence, and IIED claims on a false

5

supposition. Specifically, Garach assumed that merely because Coach USA considered dismissing her from the lawsuit in exchange for a waiver of costs *no evidence* supported Coach USA's misappropriation claims against her. Garach's premise was badly flawed in two respects.

First, the fact that a party considers dismissing claims against a codefendant does not establish the evidence against that codefendant was lacking. Indeed, a party may seek dismissal for a host of reasons, including convenience, weariness, acquiescence, tactical or altruistic reasons, or even no reason at all. Here, while her husband initially claimed Garach deposited the check in an account Garach controlled and that Garach posed an obstacle to returning the funds, and the evidence also was conflicting on her unjust enrichment and conversion, including how much she spent of the ill-gotten funds, Coach USA may have concluded the bulk of responsibility lay with her husband. But the fact Coach USA proceeded with the lawsuit against Garach when she refused the requested waiver of costs in exchange says *nothing* about the state of the evidence against Garach.

That is the second fatal flaw in Garach's approach. She never discussed in her opposition to Coach USA's strike motion the evidence against her in Coach USA's underlying misappropriation lawsuit. She relied only on Coach USA's proffered dismissal as proof it lacked evidence against her. She suggested in her opposition and now on appeal that any evidence against her was admitted as a result of the trial court's bias and collusion with Coach USA after she rejected Coach USA's request for a waiver of costs. But again, she failed to include the pertinent record transcripts of the trial court's allegedly obvious bias or erroneous admission of evidence. As noted, she

adduced no pertinent evidence in her opposition to Coach USA's motion to strike, and therefore no evidence suggested she was likely to succeed on the merits of her claims.

We note also that in the prior appeal (*Garach I*, *supra*) Garach raised no claims of judicial bias. Her misplaced collateral attack in this appeal fails because nothing in the augmented record on appeal suggests judicial bias or collusion. To the contrary, the record reflects the trial court properly permitted Coach USA to reopen the evidence to show which expenditures from the Coach USA funds were traceable to Garach. The fact that those exhibits had not been admitted when the focus of the trial was on J. Garach and Coach USA was considering dismissing Garach does not suggest bias when Garach declined to waive costs and became more central to the litigation. In any event, the fact remains Garach introduced no evidence whatsoever in her opposition to support her claims of malicious prosecution, abuse of process, negligence, or IIED, and therefore the trial court properly concluded she failed to demonstrate any likelihood of success on those claims. The trial court therefore properly dismissed her SLAPP suit.

III

DISPOSITION

The trial court's order dismissing Garach's complaint as a prohibited SLAPP action is affirmed.  Respondents are entitled to their costs on appeal.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.